IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re F-SQUARED INVESTMENT MANAGEMENT LLC, *et al.*, | : : : | Chapter 11 |
| | : | Bankr. Case No. 15-11469 (LSS) |
| Debtors. | : : | |
| CRAIG JALBERT, in his capacity as Trustee for the F2 Liquidating Trust, | : : : : | |
| Plaintiff-Appellant, | : | Civ. No. 18-1214 (LPS) |
| v. | : : | |
| ROOKER PRICE, | : | Adv. Proc. No. 17-50710 (LSS) |
| ADAM GRAVES, | : | Adv. Proc. No. 17-50727 (LSS) |
| BRIAN DOHERTY, | : | Adv. Proc. No. 17-50737 (LSS) |
| JOHN GREG WHITAKER, | : | Adv. Proc. No. 17-50771 (LSS) |
| KATE KINLIN, | : | Adv. Proc. No. 17-50781 (LSS) |
| LISA QUINN, | : | Adv. Proc. No. 17-50796 (LSS) |
| MARK RAMUNNO, | : | Adv. Proc. No. 17-50801 (LSS) |
| MICHAEL FARDY, | : | Adv. Proc. No. 17-50810 (LSS) |
| NICOLE MILLER, | : | Adv. Proc. No. 17-50814 (LSS) |
| STEPHEN DEGNAN | : | Adv. Proc. No. 17-50830 (LSS) |
| WALTER HARTFORD, | : | Adv. Proc. No. 17-50836 (LSS) |
| WILLIAM MCNAMARA, | : | Adv. Proc. No. 17-50838 (LSS) |
| ZACHARY ZELTSAN, | : | Adv. Proc. No. 17-50840 (LSS) |
| SHANNON PRICE, | : | Adv. Proc. No. 17-50867 (LSS) |
| EVGENY BURNAEV, | : | Adv. Proc. No. 17-50667 (LSS) |
| ELENA ZARUBINA, | : | Adv. Proc. No. 17-50698 (LSS) |
| ALEXEY PANCHEKHA, | : | Adv. Proc. No. 17-50730 (LSS) |
| EMILY MEYER, | : | Adv. Proc. No. 17-50757 (LSS) |
| WILLIAM MONAHAN, | : | Adv. Proc. No. 17-50839 (LSS) |
| SVITLANA SENENKO, | : | Adv. Proc. No. 17-50845 (LSS) |
| ROBERT GOTTLIEB, | : : | Adv. Proc. No. 17-50862 (LSS) |
| Defendants-Appellees. | : | |

**<u>MEMORANDUM ORDER</u>**

Having reviewed the papers submitted in connection with the motion to dismiss for lack of jurisdiction (D.I. 5) ("Motion to Dismiss") filed by the above-captioned defendants-appellees ("Defendants-Appellees") with respect to the appeal filed by plaintiff-appellant Craig Jalbert, in his capacity as Trustee for the F2 Liquidating Trust ("Trustee"), from the Bankruptcy Court's

(i) November 27, 2017 *Order Granting in Part and Denying in Part the Motion of the Trustee Extending Time to Effect Service* (the "2017 Order"), and (ii) July 30, 2018 *Order Granting in Part and Denying in Part the Motion by Trustee for (A) Reconsideration of Order Granting in Part and Denying in Part the Motion of the Trustee Extending Time to Effect Service and (B) Amended Relief* (the "2018 Order," and, together with the 2017 Order, the "Orders"); and having considered Trustee's objection to the Motion to Dismiss (D.I. 6) ("Objection") and Defendants-Appellees' reply (D.I. 8) ("Reply"); and the Court having determined that oral argument is not necessary because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument;

**IT IS HEREBY ORDERED** that the Motion to Dismiss (D.I. 5) is **GRANTED**, for the reasons that follow:

1. **Introduction.** This appeal arises from the Bankruptcy Court's denial in part of Trustee's motion to extend ("Motion to Extend") the deadline to effect service under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"), made applicable to the adversary proceedings by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 7004"). Defendants-Appellees have moved to dismiss the appeal on the basis that the Orders are interlocutory, Trustee failed seek leave from the Court to appeal the interlocutory Orders, and the appeal does not otherwise meet the criteria set forth in 28 U.S.C. § 1292 for interlocutory review.

2. **Background.** The following facts are not disputed. On July 8, 2015, F-Squared Investment Management, LLC, together with certain affiliates (together, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Following confirmation of the Debtors' plan of liquidation, the F2 Liquidating Trust was established to, *inter alia*, prosecute causes of action pursuant to chapter 5 of the Bankruptcy Code. Toward that end,

Trustee commenced 215 adversary proceedings against the Debtors' former officers, directors, and employees, who had received bonus, tax and/or profit distributions prior to the petition date.

3. The complaints were filed between June 30, 2017 and July 7, 2017, just prior to expiration of the two-year statutory deadline for commencing such actions. (*See* D.I. 6 at 3; *see also Jalbert v. Kinlin*, Adv. No. 17-50781 (LSS), Adv. D.I. 3 at 2-3) Bankruptcy Rule 7004 affords a 90-day period to effect service of process (the "7004 Deadline"). The 7004 Deadline, therefore, expired between September 28, 2017 and October 4, 2017. (D.I. 6 at 3) According to Trustee, "the summonses, complaints and other necessary process . . . [were] sent to all defendants by first class postage pre-paid mail on August 11, 2017, with service addresses known to the Trustee after his review of the Debtors' books and records, the proofs of claim on file and other diligence." (*Id.*)[1] Process for six defendants was returned to Trustee. (*See* B.D.I. 1069, 11/9/2017 Hr'g Tr. at 9)

4. On September 27, 2017, prior to expiration of the 7004 Deadline, Trustee filed the Motion to Extend, seeking a blanket order extending the 7004 Deadline for cause. (*Jalbert v. Kinlin*, Adv. No. 17-50781-LSS, Adv. D.I. 3) The Motion to Extend was filed in every single adversary proceeding and served on all defendants. (D.I. 6 at 5) The request for relief was based on Rule 4(m) and Bankruptcy Rule 9006(b)(1). Defendants-Appellees objected.

5. Bankruptcy Rule 9006(b)(1) provides:

> the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on a motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

---

[1] The Bankruptcy Rules permit nationwide service by first class postage prepaid mail but require that an individual be served at his or her current address. *See* FED. R. BANKR. P. 7004(b)(1).

Federal Rule of Civil Procedure 4(m) governs enlargements of time for a plaintiff to serve the summons and complaint, providing:

> ***If a defendant is not served within 90 days after the complaint is filed***, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows ***good cause*** for the failure, the court must extend the time for service for an appropriate period.

(Emphasis added) The Third Circuit has interpreted Rule 4(m) "to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

> First, the [court] should determine whether good cause exists for an extension of time. If good cause is present, the [court] must extend the time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Id.* Courts in this district have equated "good cause" with "excusable neglect." *See, e.g., Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc., et al.)*, 2004 WL 941190, *3 (Bankr. D. Del. Apr. 30, 2004) (*citing Petrucelli*, 46 F.3d at 1312); *In re Lenox Healthcare, Inc.*, 311 B.R. 404, 407 (Bankr. D. Del. 2004). Excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement [of time for service] and some reasonable basis for noncompliance within the time specified in the rules." *Petrucelli*, 46 F.3d at 1312. If good cause does not exist, the Court in its discretion may still extend time for service. *See In re Hechinger Investment Co. of Del., Inc.*, 308 B.R. 683, 688-89 (Bankr. D. Del. 2003). As discussed by the Third Circuit in *Petrucelli*, 46 F.3d at 1305-06, the Advisory Committee notes on Rule 4(m) provide factors for courts to consider when deciding to exercise their discretion, including: (1) whether the applicable statute of limitations would bar re-filing of

the action, (2) the frivolousness of the complaint, (3) the objective unreasonableness of the plaintiff's case (factual and legal), and (4) the plaintiff's motivation in pursing the claims.

6. In denying the Motion to Extend in part, the Bankruptcy Court focused on Rule 4(m)'s plain language permitting extension of the service deadline "*[i]f defendant is not served*." FED. R. CIV. P. 4(m) (emphasis added). Having represented that "the Trustee has already served each of the Defendants,"[2] and had done so by mail, the Bankruptcy Court considered whether there was good cause to enter a "blanket order" extending the 7004 Deadline for all defendants as a mere precaution, in case some defendants later asserted insufficient or defective service, which may have happened as a result of the disarray in Debtors' books and records. (*Jalbert v. Kinlin*, Adv. No. 17-50781 (LSS), Adv. D.I. 3 at 4-5; 11/9/2017 Hr'g Tr. at 8-23) The Bankruptcy Court did not issue such a "blanket order," either based on good cause or its discretion; instead, it denied the requested order with respect to those defendants whose mailed service was not returned as nondeliverable. At the same time, the Bankruptcy Court granted the Motion to Extend with respect to the defendants for which process was returned to Trustee. (*See* 2017 Order; 11/9/2017 Hr'g Tr. at 11-12) Such defendants had not been served.

7. Trustee moved for reconsideration of the 2017 Order, seeking amended relief based on additional facts. (*Jalbert v. Kinlin*, Adv. No. 17-50781 (LSS), Adv. D.I. 30) ("Trustee's Motion for Reconsideration") Prior to ruling on the Trustee's Motion for Reconsideration, each of the Defendants-Appellees filed cross-motions to dismiss the complaints pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5), made applicable to the adversary proceedings by Bankruptcy Rule 7012, for lack of personal jurisdiction, insufficient process, and insufficient service of process (collectively, the "Cross-Motions"). The Cross-Motions assert, *inter alia*, that the summons, which were not docketed before they were mailed,

---

[2] *See Jalbert v. Kinlin,* Adv. No. 17-50781 (LSS), Adv. D.I. 3 at 4.

were not "issued" as required under Rule 4, making service of process defective – and, therefore, the Bankruptcy Court lacked personal jurisdiction over Defendants. (*See id.* at Adv. D.I. 9)

8. On June 18, 2018, the Bankruptcy Court heard oral argument on both the Trustee's Motion for Reconsideration and Defendants-Appellees' Cross-Motions. Finding no basis for reconsideration under Bankruptcy Rule 7052, the Bankruptcy Court denied Trustee's Motion for Reconsideration, but extended the 7004 Deadline with respect to two additional defendants. (*See* 2018 Order) The Bankruptcy Court took Defendants-Appellees' Cross-Motions under advisement and later issued a Memorandum denying these motions. *See Jalbert v. Price (In re F-Squared Investment Management, LLC),* 590 B.R. 621 (Bankr. D. Del. Aug. 18, 2018). The Bankruptcy Court found no support under the applicable rules for Defendants' contention that a summons must be docketed to be "issued." *See id.* at 628.[3]

9. On August 8, 2018, Trustee filed a timely Notice of Appeal of the Orders. (D.I. 1) Trustee asserts that the Bankruptcy Court erred in "equating the physical act of mailing the summons and complaints with effective service of the summons and complaints under Bankruptcy Rule 7004(a)(1), as it incorporates Rule 4(m) of the Federal Rules of Civil Procedure." (*See* D.I. 6 at 5) On August 23, 2018, Defendants-Appellees filed the Motion to Dismiss based on a lack of jurisdiction, which is fully briefed.

10. **Jurisdiction.** Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from final judgments or orders and, "with leave of the court," from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(3).

11. "In determining whether an order of the Bankruptcy Court is final, the Court is required to take a flexible, pragmatic approach." *In re Reliant Energy Channelview, LP*, 397

---

[3] On August 22, 2018, Defendants-Appellees filed a motion for reconsideration of the Memorandum, which appears to be pending. (*Jalbert v. Kinlin*, Adv. No. 17-50781 (LSS), Adv. D.I. 59, 62, 64)

B.R. 697, 699 (D. Del. 2008). In bankruptcy cases, finality is construed more broadly than for other types of civil cases. *See In re Armstrong World Indus., Inc.,* 432 F.3d 507, 511 (3d Cir. 2005). "Although no specific combination of factors is dispositive on the question of finality, the Court should consider, among other things, (1) whether the order leaves additional work to be done by the Bankruptcy Court, (2) whether the order implicates purely legal issues, (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate, (4) the necessity for further fact-finding on remand to the Bankruptcy Court, (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation; and (6) the furtherance of judicial economy." *Reliant,* 397 B.R. at 699 (citing *U.S. v. Pellulo*, 178 F.3d 196, 200-01 (3d Cir. 1999)). The Third Circuit has held that the impact upon the assets of the estate is the "most important" factor in this balancing scheme. *See In re Market Square Inn, Inc.*, 978 F.2d 116, 120 (3d Cir. 1992).

12. Section 158(a)(3) permits interlocutory review with leave of court, but that section does not identify the standard district courts should use in deciding whether to grant leave for interlocutory review. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[4] Under the standards of section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte*

---

[4] *See also In re Philadelphia Newspapers, LLC,* 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

*Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

13. **Analysis.** Defendants-Appellees assert that the appeal must be dismissed for lack of jurisdiction because (i) the Orders are interlocutory, (ii) Trustee failed seek leave from the Court for interlocutory review, and (iii) the appeal does not otherwise meet the criteria set forth in 28 U.S.C. § 1292 for interlocutory review.

14. First, the Orders are interlocutory. Defendants-Appellees argue that "a final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" and that the Orders do neither. (*See* D.I. 5 at 2 (citing *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 408 (3d Cir. 2016)) Here, the Bankruptcy Court denied a request for the extension of a complaint service deadline pursuant to a rule that specifically permits the Bankruptcy Court to extend the deadline upon a showing that the complaint has not been served. *See* FED. R. BANKR. P. 7004(m) ("If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Defendants-Appellees therefore argue that Trustee may request an extension of the 7004 Deadline at any time upon a showing of non-service and good cause.

15. The Trustee points out that Defendants-Appellees do not address the more flexible standard applied to determining finality in the bankruptcy context. Trustee contends that whether the Orders are final is unclear but they should, in any event, be considered on appeal now under the Third Circuit's pragmatic approach. As Trustee states:

> The determination [of] whether the Bankruptcy Orders are final or interlocutory is important but not entirely clear. The Bankruptcy Court declined to extend Trustee's 7004 Deadline. That means the Trustee's time to serve Defendants has expired on a final basis. Due and proper service is necessary to establish personal jurisdiction over the Defendants. Appellees[-Defendants] consistently have maintained, *inter alia*, that the Summonses issued and service was defective in these Adversary Proceedings and they should be dismissed. That dispute is ongoing in the Bankruptcy Court. The Trustee, in effect, is forced to appeal. If he does not, and the effective service of process later becomes an issue, and an appeal is necessary at that time, Defendants no doubt will contend the 7004 Deadline already expired, that order became final without appeal, and the Trustee can no longer serve the Defendants.

(D.I. 6 at 7) (internal footnotes omitted) Trustee argues that, because the 7004 Deadline has now expired, the Orders have foreclosed the Trustee's ability to cure *any* alleged defects in service of process, including the defective summons alleged by Defendants-Appellees in the Cross-Motions. If the Bankruptcy Court denied extension of the 7004 Deadline based on an incorrect interpretation of Rule 4(m), Trustee argues he will be foreclosed from bringing the adversary proceedings, ending the litigation: "The Bankruptcy Court declined to extend the Trustee's 7004 Deadline. That means the Trustee's time to serve Defendants has expired on a final basis." (*Id.*)

16. The Court agrees with Defendants-Appellees: "Rule 4(m) contemplates merely a requirement that the defendant was not timely served but [contains] no deadline for seeking an extension of the service period. This would suggest that the Trustee's time to serve Defendants has not expired on a final basis." (D.I. 8 at 3) Upon a showing of cause, or as otherwise

determined within the Bankruptcy Court's discretion, the 7004 Deadline may be extended. *See, e.g., Hechinger,* 308 B.R. at 688-89 (granting out-of-time extension of service deadline).

17. Reviewing the circumstances in this case in light of the aforementioned factors and the pragmatic approach to finality of bankruptcy court orders, the Court concludes that the Orders denying extension of the 7004 Deadline are interlocutory. The Orders do not implicate purely legal issues – *e.g.,* whether the Bankruptcy Court must extend the 7004 Deadline upon a showing of good cause – rather, the Orders rest on Trustee's failure to demonstrate non-service (i.e., non-compliance with the Rule 4(m) service requirement) and good cause. Additionally, the Orders leave additional work to be done by the Bankruptcy Court. While the Bankruptcy Court has already denied Defendants-Appellees' Cross-Motions and ruled that service of process is valid, it is unclear whether Defendants-Appellees will prevail on reconsideration of their argument concerning proper issuance of the summons. The most important factor is the impact on the assets. While the value of all 215 adversary proceedings is asserted by Trustee to be $42 million, the value of Defendants-Appellees' subset of the adversary proceedings is not set forth in the pleadings. (*See* D.I. 6 at 2) At this stage of the proceedings, and based on the available record, the Court cannot discern what impact the Orders may have on the estate. Finally, the Bankruptcy Court has reserved jurisdiction under the Orders and is best positioned to rule on any additional requests for extension of the 7004 Deadline, which furthers judicial economy and weighs against a finding of finality here.

18. Having determined that the Orders are interlocutory, the Court must address Trustee's failure to file a motion for leave to file the interlocutory appeal. Trustee argues that failure to file a motion for leave to appeal is not fatal. (D.I. 6 at 8) In Trustee's view, Bankruptcy Rule 8003(a)(2) establishes a "forgiving procedure" and provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not

10

affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." (*Id.*) Bankruptcy Rule 8003 applies to appeals "as of right." With respect to interlocutory appeals, Bankruptcy Rule 8004 requires that a notice of appeal from an interlocutory order "be accompanied by a motion for leave to appeal." FED. R. BANKR. P. 8004(a)(2). Bankruptcy Rule 8004 further provides:

> If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it. If the court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise.

FED. R. BANKR. P. 8004(d). Thus, the failure to file a motion for leave is not fatal. However, even assuming the Court were to treat the notice of Appeal (and Objection) as a motion for leave to appeal, interlocutory appeal of the Orders is not warranted here as the appeal does not satisfy the section 1292(b) standard.

19. Under the standard of section 1292(b), an interlocutory appeal is permitted only when the order at issue involves "a controlling question of law." 28 U.S.C. § 1292(b). "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 at 755. "'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally. And on the practical level, saving of time of the district court and of expense to the litigants [has been] deemed . . . to be a highly relevant factor." *Id.* (internal citation omitted). The "controlling question of law" also must be one as to which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). This calls for more than mere disagreement with the ruling of the bankruptcy court. To satisfy this standard, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd,* 141 F.3d 1154 (3d Cir. 1998); *see also Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 386 (M.D. Pa. 2007)

11

(same). This factor is also met when "the bankruptcy court's decision is contrary to well-established law." *In re Marvel Entm't Grp., Inc.*, 209 B.R. 832, 837 (D. Del. 1997).

20. Trustee argues that the appeal of the Orders involves controlling questions of law as to "whether the ministerial act of mailing process is sufficient effective service of process" and "whether the Bankruptcy Court lacks authority to extend a 7004 Deadline where plaintiff has already mailed out process." (D.I. 6 at 9) Trustee asserts that "the Bankruptcy Court's failure to extend the 7004 Deadline notwithstanding a showing of 'good cause' is contrary to the express provisions of Rule 4(m) and established precedent." (*Id.*) However, the Court finds no doubt as to the correct legal standard, as these questions are addressed by the plain language of the applicable rules. Bankruptcy Rule 7004 provides that "service may be made … by first class mail." FED. R. BANKR. P. 7004(b). Rule 4(m) provides that "if a defendant is not served" within the Rule 4(m) time, the Court may, upon a showing of good cause, enlarge the service period. FED. R. CIV. P. 4(m). The Trustee has not pointed to any legal authority at odds with the plain language of these rules. The Court also rejects Trustee's argument that the Orders were "contrary to well established law." (*Id.* at 9) As Defendants-Appellees argue: "The question below was not: 'Must the Bankruptcy Court extend the 4(m) deadline because the Trustee has demonstrated good cause?'" (*Id.* at 6) Instead, the question before the Bankruptcy Court was whether to enter a blanket order extending the 7004 Deadline for many defendants in absence of a showing of good cause or even non-compliance with Rule 4(m).

21. Trustee argues that immediate appeal will materially advance termination of litigation. "If permitted an extension of the 7004 Deadline, the Trustee would ensure effective service of process. Eliminating the dispute over service of process would move this litigation forward." (D.I. 6 at 10) With respect to exceptional circumstances, Trustee asserts: "Consideration by this Court of the issue of whether the Trustee is entitled to more time to effect

service would put to rest the issue of whether Defendants were properly served, because the Trustee will have the ability to cure any alleged defects of service that may exist and put to rest key issues concerning the operation of Rule 4(m) in the bankruptcy context." (*Id.*) Additionally, "reversal of the Orders would make Appellees' motion to reconsider moot." (*Id.*)

22. Contrary to Trustee's assertions, Defendants-Appellees assert that a reversal of the Orders and extension of the deadline for service will not moot Defendants' motion for reconsideration of the Memorandum denying their Cross-Motions concerning insufficient service of process; the underlying service deficiency concerns the valid issuance of summons, but service of the summons is secondary to that argument (*i.e.*, service cannot have been valid if the summons was void). (D.I. 8 at 7-8) The Court agrees. Even assuming the Orders were reversed, litigation over sufficiency of process will continue.

23. Nor is the Court persuaded that exceptional circumstances are presented here. Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until after the entry of final judgment, the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist. *See In re Advanced Marketing Services, Inc.*, 2008 WL 5680878 (D. Del. April 3, 2008). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *AE Liquidation*, 451 B.R. at 349 (internal quotation marks omitted). Trustee has failed to point to "any circumstance or reason that distinguishes the case from the procedural norm and establishes the need for immediate review." *In re Magic Rests., Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996).

13

24. ***Conclusion.*** For the reasons explained above, the Court will **GRANT** Defendants-Appellees' Motion to Dismiss (D.I. 5). The Clerk is directed to **CLOSE** Civ. No. 18-1214 (LPS).

March 29, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE